UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLOS POLANCO,

        Plaintiff,

  - against -

"RIKERS ISLAND ANNA M. KROSS
CORRECTION,"

        Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-2063 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* plaintiff Carlos Polanco brings this civil rights action against the Anna M. Kross Center at Rikers Island alleging the loss of his personal property. Polanco's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. The complaint is dismissed with leave to file an amended complaint within thirty (30) days from the date of this Memorandum and Order.

## BACKGROUND

Polanco alleges that, while held at Rikers Island on June 18, 2013, he was called to a court appearance without being permitted to gather his personal belongings, including legal papers, "artistic writing," a book that he was attempting to publish, and clothing. He was subsequently released from custody and given a Metro Card. Polanco tried to return to Rikers Island on the prisoner-transport bus to retrieve his belongings, but "they physically forced and pushed [him] out." Polanco further alleges that he attempted to trace his belongings by "speaking to officer captain deputy and making 311 appointments as with social service," but that he received messages stating that the property may have been discarded. Polanco does not indicate whether he complied with the procedures established by the New York City Department

of Correction, or whether he filed a claim in the New York Court of Claims. Polanco has been "devastated, depressed and beyond disrespected" as a result of his loss of property, and he seeks compensation for the lost items as well as injunctive relief in the form of improved policies for preserving and returning inmates' personal belongings. (Comp. at 4–5 (ECF pagination).)

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude," interpreting them to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the Court is required to dismiss a complaint filed *in forma pauperis* if it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," the Court must grant leave to amend it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

A viable claim under 42 U.S.C. § 1983 requires that a plaintiff demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the

conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). A plaintiff seeking to recover money damages must establish that the named defendant was personally involved in the complained-of wrongdoing or misconduct. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006).

## DISCUSSION

Polanco fails to state a claim for relief. Initially, Polanco names the Anna M. Kross Center at Rikers Island as the sole defendant in his action. But neither the Rikers Island correctional facility as a whole, nor any subunit of that jail, constitutes a suable entity. Rikers Island is part of the New York City Department of Correction, which is an agency of the City of New York. The New York City Charter provides that suits "shall be brought in the name of the City of New York and not in that of any agency." N.Y. City Charter § 396; *see Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007).

Moreover, a municipality, such as the City of New York, can be held liable under § 1983 only if Polanco can show that a municipal policy or custom caused the deprivation of his constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Cash v. County of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury") (citation and internal quotation marks omitted). A single incident of unconstitutional activity is insufficient to impose liability on a municipality unless that incident was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). Polanco has not alleged an unconstitutional policy or custom that would confer liability on the City of New York.

To the extent Polanco's allegations sound in a due process claim for deprivation of property under § 1983, his current pleadings are inadequate to state a claim for relief. To bring an actionable property-deprivation claim, Polanco has to demonstrate that an "established state procedure" deprived him of property "without according him proper procedural safeguards," *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982), or that "random and unauthorized conduct" of a state employee yielded the intentional deprivation of Polanco's property and "a meaningful post[-]deprivation [state] remedy for the loss [was not] available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Polanco's allegations are insufficient on either score.

As relevant here, the New York City Department of Correction has an established procedure for discharged inmates to obtain their belongings, which entails scheduling an appointment to pick up the property at the Rikers Island Central Cashier Office within 120 days of release. *See* http://www.nyc.gov/html/doc/html/how/pickup_inmate_property.shtml. Further, New York law provides a remedy for an inmate to seek compensation stemming from the deprivation of his or her property – *i.e*., filing an action in the New York Court of Claims. *See* N.Y. Ct. Cl. Act. § 9 (McKinney's 2004); *see also Smith v. O'Connor*, 901 F. Supp. 644, 647 (S.D.N.Y. 1995). Polanco, though, fails to plead any facts reflecting that he complied with the City's property-return policy, or that he filed suit in the Court of Claims. Because Polanco has not shown that he availed himself of those procedures and potential remedies, he cannot state a viable due process claim for deprivation of property. Accordingly, Polanco's claim for compensation relating to the papers and clothing that he left at Rikers Island is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

However, in light of Polanco's *pro se* status, he is afforded thirty (30) days from the date of this Memorandum and Order to file an amended complaint. In that new pleading, Polanco

must indicate the procedures that he followed in seeking to retrieve his belongings or to receive compensation for his losses. Polanco should also name individual defendants that may be amendable to suit under § 1983. The new pleading must be captioned "Amended Complaint," and bear the same docket number as that found on this Memorandum and Order.

## CONCLUSION

For the foregoing reasons, Polanco's complaint is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Polanco is granted thirty (30) days from the date of this Memorandum and Order to file an amended complaint. No summons shall issue at this time, and all further proceedings shall be stayed for thirty days. If Polanco fails to re-plead in a timely fashion, the Court will enter judgment dismissing the complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to *pro se* plaintiff, and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York  
      July 3, 2014

*Roslynn R. Mauskopf*  
_____  
ROSLYNN R. MAUSKOPF  
United States District Judge